IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DEBRA REARDEN                                             PLAINTIFF

V.                                NO. 12-5227

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration         DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Debra Rearden, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her application for DIB on November 9, 2009, and her application for SSI on May 27, 2010, alleging an inability to work since April 11, 2008, due to lower back problems and migraine headaches. (Tr. 90, 541). An administrative hearing was held on May 12, 2011, at which Plaintiff appeared with counsel and she and her ex-husband testified. (Tr. 537-571).

By written decision dated May 27, 2011, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - degenerative disk disease of the lumbar spine, depression, and panic attacks. (Tr. 14). However, after reviewing all of the evidence presented,

-1-

the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any

impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No.

4. (Tr. 15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift/carry 20 pounds occasionally or 10 pounds frequently. In an 8-hour workday, she can stand and/or walk for about 6 hours or sit for about 6 hours, all with normal breaks. There are no postural or manipulative limitations. Mentally, the claimant has moderate limitations on her abilities to understand, remember, and carry out detailed instructions, maintain attention and concentration for extended periods, make simple work-related decisions, and to accept instructions and respond appropriately to criticism from supervisors.

(Tr. 16).  With the help of a vocational expert (VE), the ALJ determined Plaintiff was not

capable of performing her past relevant work, but that there were other jobs Plaintiff would be

able to perform, such as courier deliverer, hand packager, and mail clerk. (Tr. 19).  Plaintiff then

requested a review of the hearing decision by the Appeals Council, which denied the request on

September 7, 2012. (Tr. 4-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is

before the undersigned pursuant to the consent of the parties. (Doc. 7).  Both parties have filed

appeal briefs, and the case is now ready for decision. (Docs. 15, 16).

     The Court has reviewed the entire transcript. The complete set of facts and arguments are

presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.  Applicable Law:

     This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

-2-

affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing

-3-

past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**IV.    Discussion:**

Plaintiff raises the following issue on appeal: The ALJ discredited Plaintiff's allegations of disabling pain because he wrongfully concluded that there was a lack of objective medical evidence. (Doc. 15).

Plaintiff, in essence, is challenging the ALJ's credibility findings. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In this case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent

-4-

they were inconsistent with the RFC assessment. (Tr. 17-18). The ALJ discussed Plaintiff's daily activities, noting that she drove, shopped for groceries, and did household chores. (Tr. 15). In fact, Plaintiff's pain management specialist, Dr. Cathy C. Luo, reported on September 29, 2010, that the medications Plaintiff was taking enabled her to take on more household chores. (Tr. 18, 509). The ALJ also noted that regarding Plaintiff's depression, anxiety, and panic attacks, in his Mental Diagnostic Evaluation and Evaluation of Adaptive Functioning, Dr. Gene Chambers gave Plaintiff a Global Assessment of Functioning score of 65-76. (Tr. 18).

It is also noteworthy that upon examination by Dr. Rayetta Eaton on March 15, 2010, Plaintiff was able to do all limb functions except walk on her heels and toes or squat/arise from a squatting position, and had normal grip in both hands. (Tr. 399). Dr. Eaton opined that Plaintiff had minimal limitation in her ability to sit, walk, lift, and carry. (Tr. 400).

Plaintiff began seeing Dr. Luo for pain management on May 7, 2010, when Plaintiff's chief complaints were neck and leg pain and upper extremity pain. (Tr. 469). The records reveal that Plaintiff received steroid injections from Dr. Luo, and that her visits to Dr. Luo continued up until March 28, 2011. (Tr. 485-487, 495-501, 503-505, 507, 509-515 ). On January 28, 2011, Plaintiff reported that the last injection worked well with pain relief for 8 or 9 days, and that the pain medications were working well. (Tr. 498).

Plaintiff argues that the ALJ was in error when he discredited her allegations of disabling pain regarding her migraines. As Defendant points out, the ALJ noted that on March 9, 2009, Plaintiff told neurologist, Dr. Michael W. Morse, of Neurological Associates, PLC, that she experienced a single migraine about every three months and smoked a pack of cigarettes a day. (Tr. 321). She also told him that Treximet helped with her migraines. (Tr. 321). The ALJ further

-5-

stated that migraines did not have a prominent appearance in Plaintiff's 2010-2011 appointments with Dr. Luo, and the absence of discussion about migraines with Dr. Luo was in marked contrast to the emphasis Plaintiff gave to her migraines in the court of her hearing testimony. (Tr. 14-15).

The Court recognizes the Treating Physician's Migraine Headache dated May 21, 2010, completed by one of Plaintiff's treating physicians, Dr. C.R. Magness. (Tr. 484). However, Plaintiff thereafter saw Dr. Cathy Luo for one year, and Dr. Luo never diagnosed Plaintiff with migraines. Furthermore, the Plaintiff mentioned having a migraine on only one visit to Dr. Luo, on January 28, 2011. (Tr. 498).

Based upon the foregoing, and for those reasons given in Defendant's well stated brief, the Court finds there is sufficient evidence to support the ALJ's credibility findings.

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's complaint should be dismissed with prejudice.

DATED this 18th day of December, 2013.

/s/ *Erin L. B Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-6-